E-FILED
Monday, 26 February, 2018  02:24:49 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | 18-1026 |
| | ) | 18-1027 |
| | ) | 18-1028 |
| | ) | 18-1034 |
| | ) | 18-1035 |
| In the Matter of Joshua Hoskins | )  Case Nos. | 18-1036 |
| | ) | 18-1037 |
| | ) | 18-1038 |
| | ) | 18-1039 |
| | ) | 18-1040 |
| | ) | 18-1041 |

## ORDER

On February 5, 2018, the Court ordered Joshua Hoskins to show cause as to why he should not be sanctioned for misrepresenting his financial status on his petitions to proceed in forma pauperis in each of the above-captioned cases. Doc. 9. Hoskins responded to the Court's order in three separate filings. Docs. 11, 12, 13. Therein, Hoskins asserts that he did not intentionally try to commit fraud on the Court. He explains that "so many of the questions in the in forma pauperis [petition] didn't fit the plaintiff of having the financial business as what and how he was and would be supported by, so the plaintiff check off the boxes that didn't fit him[.] If there was a question asked clearly if the plaintiff was receiving money from family friends and others from the outside world he would have checked yes…." Doc. 13, at 3.

Hoskins' claim of inadvertent error or mistake attempts to create ambiguity where none exists. The in forma pauperis form need not include a section for "receiving money from family friends and others from the outside world" in the past 12 months because the last two inquiries under that section—(e) gifts or inheritances, and (f) any other sources—already cover such deposits clearly and unambiguously. See Doc. 3, at ¶ 3. Moreover, the Court previously explained that Hoskins regularly made commissary purchases immediately following the

1

deposits, indicating that he was aware that funds were deposited into his account. Thus, the Court rejects Hoksins' claim of inadvertence and finds that he intentionally committed a fraud upon the Court. See *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (citing *Dugan v. R.J. Corman R.R. Co.*, 344 F.3d 662, 667 (7th Cir. 2003) for the proposition that "there is no 'I didn't read it' defense to signed contracts").

The sanction envisioned in the Court's Order to Show Cause is necessary here, in part because of Hoskins' prior fraudulent misrepresentation of his litigation history. As recounted in the previous order, Hoskins brought five § 1983 lawsuits in 2010 in the Northern District of Illinois. All five suits were dismissed with prejudice after finding that Hoskins intentionally omitted his litigation history on the complaint form. *Hoskins v. Dart*, No. 10 C 0677, 2010 WL 11545927, at *1 (N.D. Ill. Feb. 26, 2010), *aff'd*, 633 F.3d 541 (7th Cir. 2011). The Northern District also entered a *Mack* order barring Hoskins from filing pro se civil cases. See *In the Matter of Joshua Hoskins*, No. 12 C 7358 (N.D. Ill. Sept. 14, 2012).

Just as pro se prisoners are required to truthfully list their litigation history, they must also be truthful in describing their financial assets. See Doc. 9, at 2; see also *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) ("Although the district judge might have granted the plaintiff's *in forma pauperis* petition even if he'd disclosed his separate trust account, hiding assets is not a permissible alternative to seeking the judge's assistance."). Furthermore, the sanctions imposed by the Northern District appear to have been effective—Hoskins took care to accurately list his extensive litigation history in each of the above-captioned complaints.

## CONCLUSION

In light of the above, the Court sanctions Joshua Hoskins as follows:

(1)  Mr. Hoskins' complaints in 18-1026, 18-1027, 18-1028, 18-1034, 18-1035, 18-1036, 18-1037, 18-1038, 18-1039, 18-1040, and 18-1041 are dismissed with prejudice;

(2)  Hoskins remains liable for the full $350 filing fee in each case, and the Clerk is directed to forward a copy of this Order to the agency having custody of Hoskins so that it may collect monthly filing fees as set forth in 28 U.S.C. § 1915(b)(2);

(3)  Hoskins is barred from filing further civil suits in this District in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), and any papers he submits will be returned unfiled. The filing bar imposed by this Order applies to any post-judgment motion (but not a notice of appeal) that Hoskins might try to file in any existing case. *Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004). This Order shall not apply to prevent Hoskins from filing in his currently pending cases—to wit, Nos. 15-1134 and 15-1202—until such time as judgment has been entered in those cases;

(4)  Because the Seventh Circuit disapproves of perpetual orders, *ibid.*, Hoskins may apply to this Court to modify or rescind this Order, but no earlier than January 1, 2020; and

(5)  The Clerk shall cause to be created and maintained a miscellaneous case file with the title of "In the Matter of Joshua Hoskins," Case No. 18-mc-01003, for logging Mr. Hoskins' attempts to circumvent this Order.


Signed on this 26th day of February, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge